UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Eugene Nakhshin, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No. 21-01528 |
| | ) | |
| | ) | Honorable Deborah L. Thorne |

### **MEMORANDUM OPINION**

This matter comes before the Court on Chapter 7 Trustee's Motions to Approve Sale of

Real Property Pursuant to 11 U.S.C. §§ 363(b) and (f). (*See* Dkt. Nos. 38, 39.) The Trustee is

seeking to sell two properties (together, the "Properties"). The first is located at 1608 Sycamore

Place in Schaumburg, Illinois (the "Sycamore Property"). (Mot. to Approve Sale of Sycamore

Property ("Sycamore Mot.") ¶ 3, Dkt. No. 38.) The second is located at 2604 North Windsor Dr.,

Unit 307, in Arlington Heights, Illinois (the "Windsor Property"). (Mot. to Approve Sale of

Windsor Property ("Windsor Mot.") ¶ 3, Dkt. No. 39.) For the reasons explained below, the

Trustee's motions are denied.

### I.   BACKGROUND

On February 4, 2021, Eugene Nakhshin ("Debtor") filed a voluntary petition for relief

under chapter 7 of the Bankruptcy Code. (Dkt. No. 1.) At the time of filing, Debtor and his wife

Irina Nakhshin owned the Properties. (*Id.*) The deed to the Sycamore Property lists Debtor and

Irina as tenants by the entirety, and the Windsor Property deed lists Debtor and Irina as joint

tenants.[1] (*See* Dkt. Nos. 50, 51.) Prior to filing, Debtor and Irina did not reside in either of the

---

[1] The Debtor's Schedule A/B form reflects the opposite—that the Sycamore Property was held in joint tenancy and the Windsor Property as tenants by the entirety. (*See* Dkt. No. 1.) After reviewing the records of the Cook County Recorder of Deeds, the Trustee discovered that the Schedule A/B form was incorrect. (*See* Windsor Supplement ¶ 2, Dkt. No. 50; Sycamore Supplement ¶ 2, Dkt. No. 51.) Trustee subsequently filed the warranty deeds to the Properties, which confirm that the Sycamore Property was held in tenancy by the entirety, and the Windsor property was held as joint tenants. (*See* Dkt. Nos. 50, 51.)

Properties, and both Properties are currently vacant. (Sycamore Mot. ¶ 4; Windsor Mot. ¶ 4.).

Neither of the Properties is subject to an exemption.[2]

On April 25, 2021, Debtor passed away. (Sycamore Mot. ¶ 6.) Irina was incarcerated and released in November of 2021. (*Id.*) Irina does not seem to currently reside at either of the Properties—her location is unknown.[3]

On July 21, 2022, the Trustee filed motions to approve the sale of the Properties under §§ 363(b) and (f). The Trustee provided notice of these motions to Irina at both the Windsor Property and the Sycamore Property. The Trustee also provided notice by publication in a local newspaper. Irina has not filed an objection. The Trustee presented the motions on August 18, 2022, and—considering Irina's possible right of survivorship—the Court asked the Trustee whether the bankruptcy estate retained an interest in the Properties. On August 29, the Trustee filed a supplement to the motions, arguing that filing a chapter 7 petition severs a joint tenancy and that the estate retains an interest in the Properties after Debtor's death. (*See* Dkt. No. 48.) The Court subsequently took this issue under advisement.

---

[2] In his motions, the Trustee states that the Debtor did not claim an exemption for either of the Properties. (Sycamore Mot. ¶ 3; Windsor Mot. ¶ 3.) But Debtor's Schedule C form lists an exemption for the Windsor Property under 735 ILCS 5/12-112. (*See* Dkt. No. 1.) 735 ILCS 5/12-112 is a "protection afforded by an Illinois tenancy by the entirety, available only in homestead real estate." *In re Tolson*, 338 B.R. 359, 364 (Bankr. C.D. Ill. 2005). This protection would not apply to the Windsor Property because Debtor and Irina owned it as joint tenants. Even if Debtor intended to list the Sycamore Property on his Schedule C form, as discussed below, this property was not being used as a homestead.

[3] In the Trustee's adversary proceeding against Irina seeking authority to sell the Properties, the Trustee moved to authorize service to Irina by publication. (*See* Adv. Dkt. No. 3.) The Trustee stated in support of this motion that he "has been unable to locate a current mailing address for Irina" and that neither Irina's former employer nor her largest creditor have information on her current location. (*Id.* ¶ 7.) Service by publication was authorized on August 4, 2022, and publication occurred in the Daily Herald on August 10. (*See* Adv. Dkt. Nos. 4, 5.)

## II.   DISCUSSION

### A.  Both Properties Were Held As Joint Tenancies

Before addressing the disposition of the Properties, the Court must determine what ownership interests Debtor and Irina held in them. There is no question that the Windsor Property was a joint tenancy. A separate issue is whether the Sycamore Property was a valid tenancy by the entirety at the time Debtor filed his chapter 7 petition.

The Illinois Joint Tenancy Act provides: "Whenever a devise, conveyance, assignment, or other transfer of property . . . maintained or intended for maintenance as a homestead by both husband and wife together during coverture shall be made . . . the estate created shall be deemed to be in tenancy by the entirety." 765 ILCS 1005/1c. This language makes clear that a married couple can only hold property as tenants by the entirety if they use the property as their homestead. *See, e.g.*, *In re Est. of Aryeh*, 190 N.E.3d 886, 891 (Ill. App. Ct. 2021) (stating that the Illinois Joint Tenancy Act "provides that a valid tenancy by the entirety applies only to property maintained or intended to be maintained as a homestead by a husband and wife"); *Maher v. Harris Tr. & Sav. Bank*, 506 F.3d 560, 562 (7th Cir. 2007) (explaining that the Illinois Joint Tenancy Act "specifically provides that property maintained as a homestead may be held as a tenancy by the entirety"); *In re Giffune*, 343 B.R. 883, 889 (Bankr. N.D. Ill. 2006) ("An estate held in tenancy by the entirety, however, is limited to 'homestead' property held by a husband and wife 'during coverture.'" (quoting 765 ILCS 1005/1c)). Limiting the ownership interest and the exemption to homestead property serves the goal of "secur[ing] the debtor and his family the necessary shelter from creditors." *In re Owens*, 269 B.R. 794, 797 (Bankr. N.D. Ill. 2001).

The Trustee's motion explains that the Sycamore Property was not a homestead: "Prior to the Petition date, neither the Debtor nor Irina resided at the [Sycamore] Property. The [Sycamore]

3

Property is currently vacant and was abandoned by the joint owners." (Sycamore Mot. ¶ 4.) It follows that, at the time Debtor filed his petition, he and Irina could not have held the Sycamore Property as tenants by the entirety. The question becomes, then—what interest did Debtor and Irina hold in the Sycamore Property?

The Illinois Joint Tenancy Act is a helpful starting place; it states that divorce or annulment will convert the tenancy by the entirety into a tenancy in common, and "the creation and maintenance by both spouses together of other property as a homestead" will turn an entireties property into a joint tenancy. 765 ILCS 1005/1c. In 2021, an Illinois appellate court considered as an issue of first impression how section 1c of the Act applies to a failed tenancy by entirety conveyance. *In re Estate of Aryeh*, 190 N.E.3d 886 (Ill. App. Ct. 2021), concerned the ownership interests of a husband and wife who held a property (the "Monticello Property") as tenants by the entirety and attempted to acquire a second property (the "Lawndale Property") also as tenants by the entirety. After the husband died, his creditor filed a claim against the probate estate, alleging that "the Lawndale Property was held as tenants in common and accordingly did not automatically pass to [his wife] through any rights of survivorship, therefore making it a probate asset." *Id.* at 891. The court determined that, because the husband and wife owned the Monticello Property as tenants by the entirety and used it as their homestead, the ownership of the Lawndale Property as tenants by the entirety had to fail. *Id*. at 896. To determine their ownership interest in the Lawndale Property, the court looked to prior Illinois Supreme Court decisions, which showed that the "intent of the parties" is controlling. *See id.* at 898 (citing *Mittel v. Karl*, 24 N.E. 553 (Ill. 1890)). Because the husband and wife "intended to hold the [Lawndale] property as tenants by the entirety, which included a right of survivorship," their ownership interest became a joint tenancy with a right of

4

survivorship. *Id.* at 900; *see also id.* at 895 ("An inherent feature of the estate of joint tenancy is the right of survivorship, which is the right of the last survivor to take the whole estate.").

The Illinois appellate court's interpretation of Illinois law leads this Court to conclude that the Sycamore Property must have been a joint tenancy with a right of survivorship. Just like the spouses in *Aryeh*, Debtor and Irina intended to hold the Sycamore property as tenants by the entirety, which includes a right of survivorship. In both cases, the ownership failed, as the property was not a homestead. Because their intent was to create an ownership interest with a right of survivorship, Debtor and Irina owned the Sycamore Property as joint tenants. This is the same ownership interest they had in the Windsor Property.

**B. Debtor's Chapter 7 Petition Did Not Sever the Joint Tenancies**

The Court next addresses whether filing under chapter 7 severs a joint tenancy, such that the Properties became tenancies in common upon the filing of Debtor's petition. This is a question that has divided courts. *See Maniez v. Citibank, F.S.B.*, 937 N.E.2d 237, 248 (Ill. App. Ct. 2010) (collecting cases). The Bankruptcy Code "does not address specifically whether the filing of a petition in bankruptcy severs the joint tenancy," and the courts that have examined this issue have done so "in light of their own state laws governing property interests." *Id*.

An Illinois appellate court addressed this exact issue in *Maniez v. Citibank*. After reviewing the various types of property interests available under Illinois law, the court concluded that "Illinois requires a conveyance of the joint tenant's interest in the property to sever a joint tenancy." *Id*. at 249. The court's review of the Bankruptcy Code revealed that filing a bankruptcy petition is not a conveyance under Illinois law:

> [T]he Bankruptcy Code provides that the debtor's legal and equitable interests in property are transferred to the bankruptcy estate. However, under Illinois law, more than a transfer of the debtor's interest in property is required to sever the joint tenancy. Illinois law requires

5

a conveyance, which does not occur until the trustee sells or otherwise disposes of the property and title passes.

*Id.* at 251. For this reason, the court held that, "in Illinois, the filing of a bankruptcy petition does not sever a joint tenancy." *Id*.

The Trustee argues that the Seventh Circuit has held otherwise, citing to *Flynn v. O'Dell*, 281 F.2d 810 (7th Cir. 1960). As the court explained in *Maniez*, *Flynn* was decided before bankruptcy law was reformed in the late 1970s. *Maniez*, 937 N.E.2d at 249. Prior to the 1979 Bankruptcy Code, "section 70a of the Bankruptcy Act provided that the bankruptcy trustee was vested with the title of the debtor to all his or her nonexempted property as of the date of the filing of the bankruptcy petition." *Id*. (internal citation omitted). This section was omitted from the 1979 Bankruptcy Code and replaced with section 541, which "creates an estate" comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Now, "[i]n place of the title of the debtor's property passing to the trustee, the debtor's legal and equitable interests in the property become part of the bankruptcy estate." *Maniez*, 937 N.E.2d at 249; *see also In re Peet*, 819 F.3d 1067, 1070 (8th Cir. 2016) (explaining that, by "eliminating the vesting language," section 541 "starkly contrasts" with section 70(a) of the Bankruptcy Act); *In re Spain*, 55 B.R. 849, 854 (Bankr. N.D. Ala. 1985) ("The debtor does not transfer his title to [section] 541 property of the estate but holds his title subject to the exercise by the trustee of his rights to sell, use or lease such property.").

In accordance with the Illinois court's decision in *Maniez*—and because contrary authorities were decided prior to when Congress enacted the Bankruptcy Code—this Court finds that Debtor's chapter 7 petition did not sever his joint tenancies in the Properties.

### C. The Properties Left the Estate upon Debtor's Death

The final question for this Court to resolve is what happened to the Properties when Debtor died postpetition—did they remain in the bankruptcy estate, or did they pass to Irina by right of survivorship? If the Properties passed to Irina and are no longer part of the estate, the Trustee is not permitted to sell them. "Section 363 only authorizes a trustee to use, sell, or lease 'property of the *estate.*'" *In re Billingsley*, 338 B.R. 372, 376 (Bankr. C.D. Ill. 2006) (emphasis added).

As the Tenth Circuit has observed, "[i]t appears every court that has considered a case involving a joint tenancy where either a debtor joint tenant or non-debtor joint tenant died has assumed, without explanation, that the joint tenancy operates exactly as it would in the absence of the bankruptcy." *In re Chernushin*, 911 F.3d 1265, 1271 n.2 (10th Cir. 2018) (collecting cases); *see also* Laura B. Bartell, *Bankruptcy and the Deceased Debtor: Rule 1016 in Practice*, 94 AM. BANKR. L.J. 523, 549 (2020) ("When the debtor owns property in joint tenancy or tenancy by the entireties at the time of the debtor's death, the property interest that was previously part of the estate disappears and the survivor's interest in the property enlarges to encompass the whole." (collecting cases)). The rationale behind this rule is that the trustee cannot assert greater rights than the debtor. If the debtor, then, owns property in joint tenancy subject to extinguishment if he dies, the estate takes this same interest. Upon the debtor's death, the surviving joint tenant "owns the entire property and it is no longer part of the bankruptcy estate." *Chernushin*, 911 F.3d at 1270. This logic is consistent with the notion that, "[t]o the extent an interest is limited in the hands of a debtor, it is equally limited as property of the estate." *In re Sanders*, 969 F.2d 591, 593 (7th Cir. 1992).

The Trustee argues that the Tenth Circuit is wrong—that the deceased debtor's interest remains part of the estate and can be sold. First, the Trustee claims that *Chernushin* rests upon

Colorado's joint tenancy law, which is "dramatically different" than the Illinois Joint Tenancy Act. (Dkt. No. 48 ¶ 3.) The Court finds this argument unpersuasive. *Chernushin* relied on Colorado law to explain that the right of survivorship instantly vests title to the whole property in the surviving tenant at the moment of the co-tenant's death. *See Chernushin*, 911 F.3d at 1270. The same is true in Illinois. *See In re Est. of Martinek*, 488 N.E.2d 1332, 1337 (Ill. App. Ct. 1986) ("An intrinsic feature of a joint tenancy is the right of survivorship, which entitles the last surviving joint tenant to take the entire estate. In other words, title vests automatically upon the death of the deceased joint tenant." (internal citations omitted)). *Chernushin*'s reliance on Colorado law does not necessitate a different outcome in this case.

Second, the Trustee argues that the Tenth Circuit ignored language in the Bankruptcy Code that "the trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of commencement of this case, an undivided interest as a . . . joint tenant . . . ." 11 U.S.C. § 363(h). (*Id*. ¶ 7.) But the Tenth Circuit explicitly addressed this provision, stating that, while § 363(h) allows the trustee to sell estate property, "he had to do so while the estate *still had an interest* in the property." *Chernushin*, 911 F.3d at 1273 (emphasis added). "By the time the trustee attempted to sell the [property], the estate no longer had any interest in it. Consequently, § 363(h) confers no power on [the trustee] to sell the [property]." *Id.*; *see also In re Etoll*, 425 B.R. 743, 748 (Bankr. D.N.J. 2010) ("[F]or 363(h) to apply the estate must have an interest in property. Upon the death of the Debtor, the estate's interest expired, so the Trustee's enhanced powers in bankruptcy no longer permit him to sell the [property].").

Third, the Trustee argues that *Chernushin* is flawed because "it assumes that the debtor retained an interest in the real property after the filing of his Chapter 7 case" and that the focus of the inquiry must be on Debtor's interest at the time of filing. (*Id*. at ¶¶ 10–11.) The Tenth Circuit

8

did not assume that the debtor retained an interest in the property; it merely recognized that the estate's interest cannot be greater than the interest that the debtor had. This is why the bankruptcy estate "contained the same interest held by Mr. Chernushin—a joint tenancy subject to extinguishment in favor of the surviving joint tenant upon Mr. Chernushin's death." *Chernushin*, 911 F.3d at 1273. The Tenth Circuit's conclusion that the property left the estate upon the debtor's death is consistent with the fact that the estate acquired the same interest that the debtor had when he filed his petition. The focus of the inquiry was properly centered on the debtor's interests—and any limitations on this interest—at the time of filing.

This Court agrees with the other courts that have considered this same issue and finds that the right of survivorship operates as it would absent the bankruptcy. *See, e.g.*, *id.* at 1270–71; *In re Humphrey*, No. 14-15511-JNF, 2016 WL 97857, *3 (Bankr. D. Mass. Jan. 6, 2016) ("Debtor's nondebtor spouse, as survivor, now holds the property by operation of law . . . Any rights that the Creditors may have obtained by virtue of their executions against the Debtor's interest in the property terminated by operation of law upon the Debtor's death when his non-debtor spouse became sole owner of the property."); *In re Peet*, No. 11-62549, 2014 WL 11321405, at *6 (Bankr. W.D. Mo. Aug. 25, 2014), *aff'd*, 529 B.R. 718 (B.A.P. 8th Cir. 2015), *aff'd*, 819 F.3d 1067 (8th Cir. 2016) (determining that, upon non-filing joint tenants' death, the right of survivorship made the bankruptcy estate the sole owner of the property, and the trustee could sell the property); *Etoll*, 425 B.R. at 748 (finding that the trustee could not sell the marital estate because, upon debtor's postpetition death, the property passed by right of survivorship to his non-filing wife and left the bankruptcy estate).

Accordingly, the Trustee has no right to sell the Sycamore and Windsor Properties. At the time Debtor filed his petition, his interests in the Properties were joint tenancies subject to

extinguishment in favor of Irina if he died. This means that, absent bankruptcy, title to both Properties would have automatically vested in Irina when Debtor died. *See Martinek*, 488 N.E.2d at 1337. The bankruptcy estate contained these exact same interests. Upon Debtor's death, then, the Properties instantly passed by right of survivorship to Irina and left the estate. Section 363 only allows the Trustee to sell property of the estate, so he is not authorized to sell the Properties.

### III. CONCLUSION

The Properties passed to Irina Nakhshin by right of survivorship upon Debtor's death, and the estate no longer has an interest in the Properties. Because the Trustee can only sell property of the estate, the Trustee's motions to sell the Properties are denied.

Dated: September 28, 2022

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge